# U.S. Bankruptcy Court
# Middle District of Florida

In re:  
LEWIS PAUL CRIDER, JR. AND PHYLLIS M CRIDER  
Debtor

Bankruptcy Case No. 6:18-bk-07425-CCJ

ARVIND MAHENDRU  
Plaintiff  
v.  
KIA MOTORS AMERICA, INC., D/B/A KIA MOTORS FINANCE  
Defendant

Adversary Proceeding No. 6:19-ap-00096-CCJ

## *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk |
|---|
| Clerk, U.S. Bankruptcy Court<br>Middle District of Florida<br>400 West Washington Street, Suite 5100<br>Orlando, FL 32801 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Gus M Centrone, Attorney for Trustee<br>612 West Bay Street<br>Tampa, FL 33606 |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**YOU ARE NOTIFIED** that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

Address:  George C. Young Federal Courthouse  
400 West Washington Street  
Orlando, FL 32801

Room: Courtroom 6D, 6th Floor  
Date and Time:   Thursday September 12, 2019 at 10:30AM

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



Clerk, U.S. Bankruptcy Court

*** Important Notice ***

**The enclosed Certificate of Service must be filed with the court <u>along with a copy of this summons</u> after service has been made on the parties.**

CSD 3007

[Dntepsca] [District Notice Scheduling Pretrial/Status Conference Adversary]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:  Case No. 6:18-bk-07425-CCJ
   Chapter 7

Lewis Paul Crider

Phyllis M Crider

_____Debtor*_____/

Arvind Mahendru

Plaintiff*

vs.  Adv. Pro. No. 6:19-ap-00096-CCJ

Kia Motors America, Inc., d/b/a Kia Motors Finance

_____Defendant*_____/

## NOTICE SCHEDULING PRETRIAL/STATUS CONFERENCE

NOTICE IS GIVEN THAT:

1. A Pretrial/Status Conference will be held in Courtroom 6D, 6th Floor, George C. Young Courthouse, 400 West Washington Street, Orlando, FL 32801, on September 12, 2019, at 10:30 AM , before the Honorable Cynthia C. Jackson, United States Bankruptcy Judge.

Dated: March 25, 2019

FOR THE COURT
Sheryl L. Loesch , Clerk of Court
George C. Young Federal Courthouse
400 West Washington Street
Suite 5100
Orlando, FL 32801

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.

*All references to "Plaintiff" or "Defendant" shall include and refer to multiple plaintiffs or defendants.

## Rule 7001-1

## ADVERSARY PROCEEDINGS -- PROCEDURES

(a) *General.* This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters. To the extent that the time periods set forth in this rule conflict with those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other Local Rules, this rule controls.

(b) *Service.* Plaintiff shall serve the summons issued by the Clerk, the complaint, and a copy of this rule within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e). If the initial summons and accompanying papers are not timely served, plaintiff shall promptly request the issuance of an alias summons and serve the alias summons together with the complaint and a copy of this rule. Plaintiff must serve all defendants no later than 28 days after the complaint is filed. If an additional party is thereafter named as a plaintiff or a defendant, plaintiff shall serve a copy of this rule on each additional party within seven days of the date that the additional party is named.

(c) *Proof of Service.* Plaintiff shall promptly file a proof of service indicating the service of each summons, the complaint, and this rule on each defendant.

(d) *Failure to Effect Service.* If plaintiff does not complete timely and effective service of the summons and complaint, the Court may dismiss the adversary proceeding for lack of prosecution without further notice or hearing. If plaintiff requires additional time to effect service, plaintiff shall file a motion for extension of time.

(e) *Defaults.* If a defendant has not filed a timely response, plaintiff shall seek entry of a Clerk's default of that defendant and move for judgment by default no later than 60 days after the complaint is filed. If plaintiff requires additional time to apply for the entry of default or to move for judgment by default, plaintiff shall file a motion for extension of time.

(f) *Initial Disclosures.* Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties described below, and without any formal discovery requests, each party shall:

(1) identify in writing the name and, if known, the address and telephone number of each individual with discoverable information relevant to the disputed facts;

(2) provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

(3) provide a written computation of any damages claimed; and

(4) provide a copy of any insurance agreement that may be available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(g) *Meeting of Parties.* At least 14 days prior to the initial status or pretrial conference, the attorneys for the parties or the parties, if not represented by an attorney, shall meet (the "Meeting of Parties") to discuss:

(1) the parties' claims and defenses;

(2) the possibility of settlement;

(3) the initial disclosures required in subsection (f) above; and

(4) a discovery plan as required by Fed. R. Civ. P. 26(f). Unless otherwise ordered by the Court, the parties may orally announce their discovery plan at the pretrial or status conference and need not file a written report.

(h) *Pretrial or Status Conference.* The Court will conduct a status or pretrial conference at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed. The parties may not introduce testimony or documentary evidence at the status conference. The Court, however, may consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the status conference by parties either directly or through counsel.

(i) *Discovery.*

(1) *General.* Parties should be familiar with the Local Rules regarding discovery, including Local Rules 7026-1, 7030-1, and 7037-1.

(2) *Commencement of Discovery.* Absent leave of Court, discovery may not commence until the conclusion of the Meeting of Parties.

(3) *Discovery Deadline.* Parties shall complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.

(4) *Discovery Disputes.* If a discovery dispute occurs, the parties shall first, as required by Fed. R. Bankr. P. 7037(a)(1), confer in good faith to attempt to resolve the issues. If the parties are unable to resolve the dispute, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

(j)     *Motions.*

   (1)   *Motions Shall Be Served Using the Court's Negative Notice Procedures.* All motions, except for the following types of motions, shall be filed and served using the negative notice procedures of Local Rule 2002-4:

   (i)    stipulated, joint, or consent motions;
   (ii)   motions for enlargement of time;
   (iii)  motions for continuance;
   (iv)   motions seeking emergency or expedited relief;
   (v)    motions for entry of default and for default judgment; and
   (vi)   motions for withdrawal of the reference governed by Local Rule 5011-1.

The negative notice legend shall provide for a 14-day response period, except for motions for summary judgment for which the response time shall be 21 days, unless otherwise ordered by the Court. The moving party may file a reply, if desired, no later than seven days after the response is filed.

   (2)   *Format.* All motions, responses, and replies shall comply with the Court's Style Guide posted on the Court's website, www.flmb.uscourts.gov. Papers shall be double spaced and, where appropriate, include a legal memorandum containing argument and citations of authorities. Absent leave of Court, motions and supporting memoranda shall not exceed ten pages in length.

   (3)   *Emergency Motions.* The Court will consider emergency motions at any time in its discretion. Emergency motions shall comply with Local Rule 9004-2(e) and shall be filed using the Emergency Filings/Matters/Motions link on the Court's website, www.flmb.uscourts.gov.

   (4)   *Motions to Determine Whether Case Is Core.* A party who objects to the entry of final orders or judgments by the Bankruptcy Court on any issue in the adversary proceeding shall, not later than the date set for filing a response to the complaint, file a motion requesting that the Court determine whether the proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. A party who fails to file a motion on or before the date set for filing a response to the complaint shall be deemed to have consented to the Bankruptcy Court's entering final orders and judgments in the proceeding, subject only to appeal under 28 U.S.C. § 158.

   (5)   *Motions for Summary Judgment.* Motions for summary judgment shall be filed no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. Absent order of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending.

(k)     *Pretrial Disclosures of Witnesses and the Use of Depositions.* Fed. R. Civ. P. 26(a)(3) (except with respect to time limits) shall govern pretrial disclosures regarding witnesses and use of depositions. Parties shall file and exchange names, telephone numbers, and addresses

for witnesses, and any designations of depositions at least 28 days before trial. Objections to the use of depositions shall be filed within 14 days of the disclosure. Parties shall confer on any factual or evidentiary stipulations prior to trial.

(l)    *Exhibits.*

(1)    *Exhibits to be Filed and Exchanged via CM/ECF.* Parties shall prepare exhibits in compliance with Local Rule 9070-1 and Administrative Order FLMB-2015-6 addressing Electronically Stored Exhibits and shall exchange exhibits no later than seven days before the date set for trial. Unless written objection to the admissibility of any exhibit is filed no later than the close of business on the second day before trial, any objection to admissibility (other than under Fed. R. Evid. 402 and 403) shall be deemed waived.

(2)    *Self-Authentication of Records of Regularly Conducted Activity.* A party who intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) to introduce into evidence records of regularly conducted activities under Fed. R. Evid. 803(6) shall, within least 28 days before trial, file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted.

(m)    *Expert Witness Testimony.* Unless the Court orders otherwise, a party who wishes to offer expert testimony at trial shall comply with the requirements of Fed. R. Civ. P. 26(a)(2).

(n)    *Stipulations.* All stipulations of the parties shall be made in writing, signed, and promptly filed with the Court.

(o)    *Supplementation of Disclosures.* Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

(p)    *Sanctions.* Failure to comply with all requirements of this rule may result in the imposition of sanctions that could include the striking of a party's pleading or the denial of the right to introduce evidence or witness testimony.

(q)    *Settlements.* Pursuant to Local Rule 9019-1, parties shall immediately notify the Court of any settlement and promptly file and serve a motion to approve the compromise in the debtor's main case, not in the adversary proceeding. If the complaint asserts claims under 11 U.S.C. § 523 only, a motion to approve the compromise is not necessary. However, if desired, the parties may seek approval of the settlement by filing a motion in the adversary proceeding.

## *Notes of Advisory Committee*

### *2016*

      This new rule incorporates the provisions of archived Administrative Order FLMB-2014-1 "Administrative Order Prescribing Procedures for Adversary Proceedings." In addition, section (f)(4) regarding pretrial disclosures is now consistent with Fed. R. Civ. P. 26(f). The rule also clarifies the requirement that motions in adversary proceedings be filed and served using the negative notice procedures of Local Rule 2002-4. This rule is effective July 1, 2016.

## CERTIFICATE OF SERVICE

I, _____Brian L. Shrader, Esq._____ , certify that I am, and at all times during the service of process was,
        (name)
not less than 18 years of age and not a party to the matter concerning which service of process was made.
I further certify that the service of this summons and a copy of the complaint and a copy of Local Rule 7001-1
was made ____3/29/19____ by:
         (date)

☒  Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
   Kia Motors America, Inc., d/b/a Kia Motors Finance
   c/o Registered Agent - CT Corporation System
   1200 South Pine Island Road
   Plantation, FL 33324

☐  Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:


☐  Residence Service: By leaving the process with the following adult at:


☐  Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail
   addressed to the following officer of the defendant at:


☐  Publication: The defendant was served as follows: [Describe briefly]


☐  State Law: The defendant was served pursuant to the laws of the State of _____
   as follows: [Describe briefly]                                              (name of state)


Under penalty of perjury, I declare that the foregoing is true and correct.

____3/29/19____                          _____
     Date                                         Signature

| Print Name | |
|---|---|
| | Brian L. Shrader, Esq. |
| Business Address | |
| | 612 W. Bay Street |
| City  Tampa | State  FL    Zip  33606 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LEWIS P. CRIDER, JR. and
PHYLLIS M. CRIDER,

      Debtors.
_____/

BANKRUPTCY CASE
NO.: 6:18-bk-07425-CCJ

ARVIND MAHENDRU,
as Chapter 7 Trustee of the estate of
LEWIS P. CRIDER, JR. and
PHYLLIS M. CRIDER,

      Plaintiff,
v.

KIA MOTORS AMERICA, INC., d/b/a
KIA MOTORS FINANCE,

      Defendant.
_____/

ADVERSARY PROCEEDING
NO.:

## COMPLAINT

Plaintiff, Arvind Mahendru ("Plaintiff"), the Chapter 7 Trustee of the bankruptcy estate of Lewis P. Crider, Jr. ("Mr. Crider") and Phyllis M. Crider ("Mrs. Crider") (collectively "Debtors"), by and through undersigned counsel, hereby sues Kia Motors America, Inc., d/b/a Kia Motors Finance, and states the following:

### PRELIMINARY STATEMENT

1. Debtors, Lewis P. Crider, Jr. and Phyllis M. Crider, filed a petition for bankruptcy relief under Chapter 7 on November 30, 2018.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

## PARTIES

4. Plaintiff, Arvind Mahendru, is the Chapter 7 Trustee of the bankruptcy estate of Lewis P. Crider, Jr. and Phyllis M. Crider.

5. Debtors, Lewis P. Crider, Jr. and Phyllis M. Crider, are natural persons residing in Brevard County, Florida, where the causes of action arose, and are "consumers," as that term is defined by Fla. Stat. § 559.55(8).

6. Defendant, Kia Motors America, Inc., d/b/a Kia Motors Finance, including its collection agents and assigns ("Defendant"), is headquartered in California, does business in the State of Florida, and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtors.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

9.      The Defendant's communications, set forth below, were made to exhaust the Debtors' will in an attempt to have the Debtors pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Debtors either expressly or impliedly communicating to Defendant to stop calling Debtors.

## FACTUAL ALLEGATIONS

10.     Debtors were alleged to owe Defendant a debt (the "Alleged Debt"), including without limitation, the debt on Schedule F of the Debtors' bankruptcy schedules with account number ending in -3381, totaling $20,564.00.

11.     The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6).

12.     Defendant called Mrs. Crider's cellular telephone from approximately February 2018 until September 2018 in an attempt to collect on the Alleged Debt.

13.     Defendant called Mrs. Crider approximately one time per day, one day each week.

14.     In approximately July 2018, Mrs. Crider told Defendant that she was unable to pay the Alleged Debt.

15.     In approximately July 2018, Mrs. Crider provided Defendant with the contact information of her bankruptcy attorney.

16.     Nevertheless, Defendant continued to call Mrs. Crider on her cellular telephone until approximately September 2018, despite Mrs. Crider telling Defendant that she was unable to pay the Alleged Debt and providing Defendant with the contact information of her bankruptcy attorney.

17.     As described below, Defendant's conduct constitutes violations of the FCCPA.

## COUNT I

## VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

18. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

19. Plaintiff realleges and incorporates paragraphs 1 through 17 as if fully set forth herein.

20. Defendant communicated, directly and/or indirectly, certain information to Debtors as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

21. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

22. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

23. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

24. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

25. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF § 559.72(18) OF THE FCCPA BY DEFENDANT

26. This is an action against Defendant for violation of Fla. Stat. § 559.72(18).

27. Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

28. Defendant communicated, directly and/or indirectly, certain information to Debtors as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

29. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

30. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

31. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

32. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

33. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: March 22, 2019                              Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:      (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiff*